TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Paul R. Garcia

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul R. Garcia, <br>     Plaintiff, <br><br> vs. <br><br> Hillcrest, Davidson, and Associates LLC, <br><br>     Defendant. | Case No.: <br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Paul R. Garcia (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Hillcrest, Davidson, and Associates LLC (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Tucson, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a business entity located in Richardson, Texas, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

```
```
## ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Upon information and belief, a financial obligation was allegedly incurred by Plaintiff father, a person who is not a party to this lawsuit (hereafter "Debtor").

2. Plaintiff is not the Debtor, and has no responsibility for repayment of Debtor's debt.

3. Debtor's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

4. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

5. On or about November 4, 2015, Defendant contacted Plaintiff in an attempt to collect a debt.

6. Upon information and belief, the original creditor is Monitronics, a company specializing in home alarms.

7. During a live conversation, Defendant stated that it was calling to collect a debt from "Paul Robledo," Plaintiff's father.

8. Plaintiff informed Defendant that the alleged debt did not belong to him.

9. Defendant responded that because Plaintiff shared the same name as the Debtor, Plaintiff was responsible for the alleged debt's repayment.

10. Plaintiff advised Defendant that he did not own a home and therefore had no need for the original creditor's services.

11. Plaintiff also stated that he was in the process of purchasing his first home.

12. When Plaintiff asked Defendant where it obtained his number, Defendant stated that Plaintiff's number was listed as a contact on the account.

13. When Plaintiff re-iterated that he was not responsible for the debt, Defendant threatened that if the alleged debt was not immediately paid, Defendant would report the alleged debt on Plaintiff credit report.

14. Defendant further stated that if it reported the delinquent account to the credit bureaus, Plaintiff's credit would be "ruined" and that he could "forget about owning a home".

15. As a result of Defendant's threats and misrepresentations, Plaintiff paid the debt and suffered damages.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

17. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

18. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

19. Defendant's agent communicated with the Plaintiff regarding a third-party debt and failed to state that he was acquiring location information concerning the Debtor, in violation of 15 U.S.C. § 1692b(1).

20. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

21. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

22. Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

23. Defendant threatened to take action that could not be legally taken or that Defendant did not intend to take, in violation of 15 U.S.C. § 1692e(5).

24. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

25. Defendant overshadowed Plaintiff's right to dispute the validity of the alleged debt pursuant to 15 U.S.C. § 1692g(b) by pressuring Plaintiff to make an

immediate payment towards such debt before sending Plaintiff proper written notice of the debt pursuant to 15 U.S.C. § 1692g(a).

26. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

|   |   |
|---|---|
| DATED: May 10, 2016 | TRINETTE G. KENT |
|   | By: */s/   Trinette G. Kent*<br>Trinette G. Kent, Esq.<br>Lemberg Law, LLC<br>Attorney for Plaintiff, Paul R. Garcia |